ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 1 0 2015

JAMES N. HATTEN, Clerk
BY: _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **CARLOS E. GONZALEZ** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO.** _____ |
| | ) | |
| v. | ) | |
| | ) | **1:15-CV-2077** |
| **CENTURION MEDICAL PRODUCTS** | ) | |
| **aka** | ) | |
| **CENTURION MEDICAL** | ) | |
| **CORPORATION** | ) | **WSD** |
| **Defendant.** | ) | |

## COMPLAINT

### Jurisdiction and Venue

1.

This in an action for compensatory and punitive damages for violations of Title

VII of the Civil Rights Act of 1964. , as amended : for violations of 42 U.S.C. 1981. : and

for the state tort claims of intentional infliction of emotional distress, negligent infliction

of emotional distress :negligent per se and for punitive damages pursuant to

O.C.G.A. 51 - 12 - 5.

2.

Venue is proper in this Court pursuant to O.C.G.A. 14 - 2 - 510  (2009).

3.

This court has jurisdiction over the claims in this action pursuant to

O.C.G.A. 15 - 6 - 8 (1).

4.

Plaintiff Carlos E. Gonzalez (hereinafter referred to as plaintiff or Mr. Gonzalez , the Plaintiff ) is a citizen of the State of Georgia, residing within Cobb County. Mr. Gonzalez began employment with Defendant Centurion Medical Products on August 13, 2012. , and continued working for the Defendant until March 08, 2013. when his employment was terminated by Defendant as a result of Defendant's ongoing practice of national origin harassment by Defendant's employees and in retaliation for asserting his right under Title VII of the Civil Rights of 1964. , 42 U.S.C. 1981 and the laws of the State of Georgia.

5.

Defendant Centurion Medical Products is a Michigan Corporation, licensed and registered to do business in Georgia located at 3600 Cobb International Boulevard Kennesaw, Ga. 30152 ( hereinafter , the "Defendant" , the "Employer" , the "Company" , "Centurion" ) , and at all times relevant to this action , has been a corporation doing business in Cobb County , and is subject to Title VII of the Civil Rights Act of 1964.

6.

Mr. Gonzalez filed a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") in Atlanta, Ga. and the EEOC sent a "Determination Letter Conciliation Begun" to Mr. Gonzalez on June 30, 2014.

7.

Mr. Gonzalez received a "Right to Sue Conciliation Failed" letter from the Equal

Employment Opportunity Commission ("EEOC") on March 12, 2015.

8.

Plaintiff has exhausted his administrative remedies and has complied with all conditions precedent to the filling of a Title VII claim in this lawsuit. Therefore, the Title VII action is properly before this court as no such administrative prerequisites are applicable to this 42 U.S.C. 1981 claim or his claims arising under Georgia Law, these claims are also properly before this court.

## **General Allegations**

9.

Plaintiff is a Hispanic male whose national origin is El Salvador.

10.

Plaintiff was employed by Defendant as a warehouse associate / order puller starting on August 13, 2012.

11.

Plaintiff began suffering from severe and pervasive harassment based on his national origin almost from the very beginning of his employment from his co-worker Mr. Brian (hereinafter "Brian") , his immediate Supervisors Mr. Mike Turner ( hereinafter "Mike") , and Mr. Chris Littlefield (hereinafter "Chris").

12.

Mr. Brian , Mr. Mike and Mr. Chris called Mr. Gonzalez a "border bandit" , "beaner" , "wetback"  and other highly offensive racial and ethic slurs

regarding Hispanic people.

13.

Mr. Brian frequently told Mr. Gonzalez that he was a "real
American" and suggested that Mexicans, referring to Mr. Gonzalez whom
he mistakenly believed was Mexican, were employed only to do the menial
and undesirable work for Centurion Medical Products.

14.

When Mr. Gonzalez committed minor and inadvertent errors in the
course of his work , Mr. Mike and Mr. Chris threatened him , "Fix it ,
or we'll call Immigration Services to come and pick you up."

15.

Mr. Brian , Mr. Chris and Mr. Mike made frequent comments in
the workplace about Mr. Gonzalez's immigration status and questioned
whether Mr. Gonzalez possessed a "real green card or stolen documents."

16.

Mr. Brian and Mr. Chris boasted to Mr. Gonzalez on several
occasions that they were part of a Ku Klux Klan Criminal Gang in Marietta, Ga. ,
leading Mr. Gonzalez to fear for his safety as well as the safety of his
family.

17.

In addition to Mr. Chris , Mr. Brian and Mr. Mike daily
onslaught of offensive and cruel harassment based on Mr. Gonzalez's

national origin and color, Mr. Chris and Mr. Mike both told Mr.

Gonzalez that they could do whatever they want and Mr. Gonzalez had no

recourse because Mr. Mike and Mr. Chris were allegedly closed

friends of Centurion Medical Products HR Manager , Centurion Medical

Products President and CEO and because they were "real white Americans".

18.

On at least seventeen separate occasions, Mr. Gonzalez complained to

Centurion Medical Products Management verbally and on writing, including his

supervisors Mr. Mike ,  Mr. Chris , and the Corporate Human Resource Representative

over Centurion Medical Products corporate office about Mr. Brian , Mr. Mike and Mr.

Chris severe and pervasive harassment.

19.

Ms. Sandy La Violette, a human resource representative in Defendant's human

resource corporate office , stated that Mr. Mike , Mr. Chris and Mr. Brian would not

receive any punishment other than a few well deserve days off of work for their illegal

harassment and that "Latinos" were not going to control her or either the company.

20.

Despite Mr. Gonzalez's complaints , Mr. Mike, Mr. Chris and

Mr. Brian severe and pervasive harassment continued until Mr. Gonzalez was

terminated on March 08, 2013. a few hours after his most recent writing complaint

regarding Mr. Mike , Mr. Chris , and Mr. Brian cruel harassment and two days after

formally and in writing asking the Defendant's for permission to have a day off to go over

the Equal Employment Opportunity Commission ("EEOC") to filed a formal complaint

of discrimination against the Defendant's.

21.

Defendant informed Mr. Gonzalez that he was terminated due to

"insubordination" .

22.

However Mr. Gonzalez was informed by his former supervisor Mr.

Chris that he was terminated due to his complaints about Mr. Mike , Mr. Brian and

Mr. Chris severe and pervasive harassment and also for requesting a day off to go over

Equal Employment Opportunity Commission in Atlanta, Ga. to file a formal complaint of

Discrimination against Centurion Medical Products.

## Count I

## Hostile Work Environment Harassment Based on National Origin in

## Violation of Title VII of the Civil Rights Act of 1964. as amended.

23.

Mr. Gonzalez realleges paragraphs 1 through 22 and incorporates

them as fully set for herein.

24.

Mr. Mike , Mr. Chris , and Mr. Brian's frequent and pervasive

comments about Mr. Gonzalez's national origin and threats intended to

cause Mr. Gonzalez to fear for his personal safety constituted severe and

pervasive national origin harassment that was objectively and subjectively

offensive.

25.

Mr. Mike , Mr. Chris and Mr. Brian's frequent slurs , insults and threats regarding Mr. Gonzalez's national origin were so severe and pervasive that they altered the terms and conditions of Mr. Gonzalez's employment and created a discriminatorily abusive work environment.

26.

Defendant Centurion Medical Products is liable for Mr. Mike , Mr. Chris and Mr. Brian's severe and pervasive harassment of Mr. Gonzalez because it had knowledge of Mr. Mike , Mr. Chris and Mr. Brian's harassment , but refused to enforce its own anti-harassment policies and reporting procedures and refused to take prompt remedial actions to stop the harassment.

27.

Mr. Mike , Mr. Chris and Mr. Brian's continued pattern of harassment of Mr. Gonzalez created a hostile work environment that the company refused to address and take reasonable measures to prevent. This constitutes a violation of Title VII of the Civil Rights Act , as amended.

## Count II

### Retaliation in Violation of the Title VII of the Civil Rights Act of 1964.

### as amended.

28.

Mr. Gonzalez realleges paragraphs 1 through 27 and incorporates

them as it fully set forth.

29.

Under Title VII , it is unlawful to for an employer to retaliate against any employee who has opposed any unlawful employment practice under Title VII , including harassment based on national origin. 42 U.S.C. 2000e-3 (a)

30.

Mr. Gonzalez's complaints to his supervisors and the corporate human resource representative of Defendant's Centurion Medical Products. regarding Mr. Mike , Mr. Chris and Mr. Brian's illegal harassment are protected civilities under Title VII.

31.

Defendant had knowledge of Mr. Gonzalez's participation in protected activities under Title VII.

32.

Approximately three hours after Mr. Gonzalez's complained to Defendant's  Centurion Medical Products corporate human resource office and representative regarding the harassment , Mr. Gonzalez's employment was terminated.

33.

Shortly after his termination , Mr. Gonzalez's former supervisor admitted that his termination was due to his complaints regarding Mr. Mike , Mr. Chris and Mr. Brian's severe and pervasive national origin Harassment.

34.

Defendant's decision to terminate Mr. Gonzalez's employment is causally related to his participation in protected activities.

35.

Defendant is liable for retaliating against Mr. Gonzalez's in violation of Title VII of the Civil Rights Act , as amended.

## Count III

### Plaintiff's Claim for Discrimination

### in the Terms and Conditions of His Employment in Violation of

### 42 U.S.C. 1981.

36.

Plaintiff realleges and incorporates paragraphs 1 through 35 as if fully set forth.

37.

Defendant had knowledge of Mr. Mike , Mr. Chris and Mr. Brian's severe and pervasive harassment based on Plaintiff's Hispanic ethnicity / race and color , and threats that they were active members of a Ku Klux Klan Criminal Gang and failed to take prompt remedial action in response to Plaintiff's writing / verbal complaints.

38.

Defendant's failure to take prompt , remedial action in response to Plaintiff's complaints regarding Mr. Mike , Mr. Chris and Mr. Brian's race and color based harassment is a violation of Plaintiff's federal rights

under U.S.C. 1981.

## Count IV

## Plaintiff's Claim for Illegal Retaliation in Violation of

## 42 U.S.C. 1981

39.

Plaintiff realleges and incorporates paragraphs 1 through 38 as is fully set forth herein.

40.

Plaintiff's complaints to Defendant's regarding Mr. Mike , Mr.

Chris and Mr. Brian's illegal harassment based on his Hispanic ethnicity /

race and color was a protected activity under 42 U.S.C. 1981.

41.

Defendant's decision to terminate Mr. Gonzalez's employment is

causally related to his participation in protected activities.

42.

Defendant is liable for retaliating against Mr. Gonzalez in violation of

42 U.S.C. 1981.

## Count V

## Intentional Infliction of Emotional Distress

43.

Mr. Gonzalez realleges and incorporates paragraphs 1 through 42 as is

fully set forth herein.

44.

The relevant acts and omissions of Defendant and Defendant's agents and employees as alleged herein were intentional and / or reckless , extreme, outrageous , beyond all possible bounds of decency and should be regarded as utterly intolerable in a civilized community.

45.

As a result of said acts , Mr. Gonzalez has suffered severe emotional distress and the corresponding physical manifestations of such distress , including anxiety , nervousness , sleeplessness , depression and all other physical disorders.

46.

Mr. Gonzalez's severe and emotional distress and the physical manifestations thereof were caused by Defendant's wrongful conduct.

## Count VI

## Negligent Infliction of Emotional Distress

47.

Mr. Gonzalez realleges and incorporates paragraphs 1 through 46 as if set forth fully herein.

48.

Defendant owed a duty of reasonable care to Mr. Gonzalez.

49.

Defendant breached this duty through its negligent actions as

describes herein.

50.

Defendant's negligent actions resulted an a physical impact to Mr. Gonzalez and proximately caused him physical injury , mental suffering and emotional distress.

## Count VII

### Punitive Damages

Plaintiff realleges and incorporates paragraphs 1 through 50 as if fully set forth herein.

51.

Defendant's acts as alleged herein showed willful misconduct , malice , fraud , wantonness , oppression and an entire lack of care that raises the presumption of conscious indifference to the consequences of their actions.

52.

Plaintiff prays for punitive damages in an amount to be determined by the enlightened conscience of a jury in order to punish and penalize Defendant violating the rights of the Plaintiff and deter Defendant from violating the rights of future Centurion Medical Products employees who may find themselves subject to Mr. Mike , Mr. Chris and Mr. Brian's severe and pervasive illegal harassment and retaliation under Title VII of the Civil Rights Act and 42 U.S.C. 1981.

**WHEREFORE** , Mr. Gonzalez demands a **TRIAL BY JURY** on all counts and prays this court grant the following relief:

a. that the court declare the conduct of Defendant , its employees and agents describes herein to be in violation of Mr. Gonzalez's rights under title VII of the Civil Rights Act of 1964. , as amended , and 42 U.S.C. 1981.

b. an award of compensatory damages for each and every applicable count , to be determined by the conscience of an enlightened jury sustained as a result of Defendant's unlawful acts under Title VII of the Civil Rights Act of 1964 as amended , and 42 U.S.C. 1981. , including but not limited to damages for future pecuniary losses , emotional pain , suffering , inconvenience , mental anguish , loss of enjoyment of life , and other non - Pecuniary losses sustained by Mr. Gonzalez.

c. an award of compensatory damages for each and every applicable count to be determined by the conscience of enlightened jury sustained as a result of Defendant's torts , including but not limited to future pecuniary losses , emotional pain , suffering , inconvenience , mental anguish , loss of enjoyment of life , and other non - pecuniary losses by Mr. Gonzalez.

d. an award of punitive damages for each and every applicable count in an amount to be proven at trial and sufficient to deter the malicious , willful , wanton and reckless conduct by Defendant's herein ;

e. an award of necessary expenses of litigation , including attorneys fees ; and

f. such other and further relief as the jury and the Court deems just

and proper.

**Respectfully** submitted this **10th** day of **June** 2015.

_Carlos E. Gonzalez_
Carlos E. Gonzalez
*Pro Se*
2929 Noah Drive
Acworth,Ga. 30101

Mailing Address:
P.O. Box 638
Emerson, Ga. 30137
Phone: (678) 537 - 1327
carlosjobs@bellsouth.net

EEOC Form 161-A (11/09)         **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

To:  **Carlos E. Gonzalez**                          From:  **Atlanta District Office**
    **2929 Noah Drive**                                    **100 Alabama Street, S.W.**
    **Acworth, GA 30101**                                   **Suite 4R30**
                                                    **Atlanta, GA 30303**

☐  *On behalf of person(s) aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **410-2013-02990** | **Claudia Mortimer-Kanu,**<br>**Investigator** | **(404) 562-6877** |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)                  **Bernice Williams-Kimbrough,**           **MAR 1 1 2015**
                                  **District Director**                              *(Date Mailed)*

cc:  **Anita Wallace-Thomas, Esq.**
    **Nelson Mullins Riley & Scarborough LLP**
    **Attorneys and Counselors at Law**
    **Atlantic Station – 201 17th Street, NW – Suite 1700**
    **Atlanta, GA 30363**