IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARLOS E. GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>CENTURION MEDICAL PRODUCTS, a/k/a CENTURION MEDICAL CORPORATION,<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>1:15-cv-02077-WSD-JKL |

## FINAL REPORT AND RECOMMENDATION

On June 10, 2015, Plaintiff Carlos Gonzalez filed the above-styled case, alleging violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. 1981, and raising various state law tort claims. (Doc. 1.) Under the Federal Rules of Civil Procedure effective at the time, service was due on October 8, 2015, 120 days after the complaint was filed. *See* Fed. R. Civ. P. 4(m) (2015).[1]

On June 15, 2015, Gonzalez returned the summons as to Defendant Centurion Medical Products ("Centurion") unexecuted, explaining that counsel for

---

[1] On December 1, 2015, an amendment to Rule 4(m) took effect that reduced the allotted time for service prior to dismissal absent good cause from 120 days to 90 days. Fed. R. Civ. P. 4(m) (amended Apr. 29, 2015, effective Dec. 1, 2015).

Centurion had refused to accept service on its behalf. (Doc. 3.) He took no further action in this case, and on January 15, 2016, this Court ordered Gonzalez to show cause within ten days as to why his case should not be dismissed without prejudice for failure to effect service. (Doc. 4.) That deadline has passed, and Gonzalez has not responded to the order or shown good cause justifying an extension of time to effect service.

As Gonzalez had not served Centurion, the sole defendant in this case, and this Court gave him notice of his failure, the Rules require the Court to dismiss the action without prejudice. *See* Fed. R. Civ. P. 4(m). Accordingly, I **RECOMMEND** that the case be **DISMISSED WITHOUT PREJUDICE**.

IT IS SO RECOMMENDED this 5th day of February, 2016.

_____
JOHN K. LARKINS III
United States Magistrate Judge